2026 IL App (2d) 240631-U
No. 2-24-0631
Order filed July 13, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

ADAM C. MORRIS, Defendant-Appellant.

Appeal from the Circuit Court of McHenry.

Honorable Tiffany E. Davis, Judge, Presiding.

No. 17-CF-611

JUSTICE MULLEN delivered the judgment of the court.
Justices McLaren and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where postconviction counsel failed to fulfill his duties in accordance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), cause would be remanded for new second-stage postconviction proceedings.

¶ 2    Defendant, Adam C. Morris, stands convicted of first-degree murder, burglary, armed robbery, and unlawful possession of a weapon by a felon. Defendant was sentenced to 38 years' imprisonment for murder consecutive to 26 years' imprisonment for armed robbery. Consecutive to these sentences but concurrent to each other, the trial court also sentenced defendant to seven years for burglary and four years for the weapons offense. His convictions were affirmed on direct appeal. *People v. Morris*, 2021 IL App (2d) 190514-U. Defendant filed a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). The trial court

dismissed the petition during the second stage of postconviction proceedings. See *People v. Domagala*, 2013 IL 113688, ¶ 33 ("At the second stage, *** the State may file a motion to dismiss ***.").

¶ 3    Defendant appealed, raising two issues. First, he argued that the trial court erred in dismissing his claim that he received ineffective assistance of counsel where his trial attorney failed to challenge a cooperating occurrence witness with a prior inconsistent statement. Second, he asserted that postconviction counsel was ineffective for failing to amend his petition to provide evidentiary support for certain claims. We disagreed and affirmed. Defendant filed a petition for rehearing, which, after reconsidering, has convinced us that we should not have excused postconviction counsel's failure to amend the petition after he adopted defendant's *pro se* claims. Accordingly, we grant defendant's petition for rehearing, vacate the trial court's order dismissing defendant's postconviction petition, and remand for new second-stage proceedings.

¶ 4                                  I. BACKGROUND

¶ 5    While deciding defendant's direct appeal, we set forth the underlying facts of this case in great detail. See *Morris*, 2021 IL App (2d) 190514-U, ¶ 5. We will not restate them here. The following recitation concerns events occurring after defendant's trial.

¶ 6    Following the resolution of his direct appeal, the denial of his petition for leave to appeal to the Illinois Supreme Court, and denial of his request for a writ of *certiorari* to the United States Supreme Court, defendant filed a pro se postconviction petition. In it, he raised a number of claims, including that trial counsel was ineffective for failing to obtain experts to contest the State's DNA and fingerprint evidence. Defendant also challenged appellate counsel's effectiveness, asserting that counsel should have challenged the sufficiency of the evidence, which, as framed by defendant, would have encompassed a challenge to the DNA and fingerprint evidence. Defendant

further asserted that trial counsel "failed to advise [the] trial judge that [a witness's (Thomas Freeman)] testimony would include [that] Charles Campo told Thomas that he (Charles) was the shooter." Campo was a cooperating witness for the State.

¶ 7    The trial court found that the petition stated the gist of a constitutional claim. It therefore entered an order advancing the petition to the second stage of postconviction proceedings. The trial court also appointed counsel to represent defendant.

¶ 8    Appointed counsel amended defendant's motion. The amended motion incorporated the *pro se* motion by reference. The amended motion further alleged that defendant "received ineffective assistance of trial counsel where trial counsel did not properly cross-examine State's witness, Charles Campo, regarding a conversation that Charles Campo had with Thomas Freeman, wherein Campo admitted that Campo shot the victim." A certification in accordance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) accompanied the amended petition.

¶ 9    The State moved to dismiss the petition. It argued, *inter alia*, that defendant's claim that defense counsel should have obtained experts to contest the State's DNA and fingerprint evidence lacked evidentiary support. It further argued that defense counsel's cross-examination of Campo was a matter of trial strategy.

¶ 10    The trial court granted the State's motion to dismiss. It first stated that defendant failed to adequately set forth that trial counsel's performance fell below an objective standard of reasonableness or that it resulted in prejudice to defendant. The trial court stated that defendant's claims regarding Campo's statements to Freeman had been forfeited. Defendant filed a motion to reconsider, which was denied. This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12    At issue here are two allegations made by defendant in his *pro se* petition and incorporated

by counsel in his amended petition. First, defendant alleged, "Trial counsel for [defendant] was ineffective because he failed to obtain an independent forensic expert to evaluate and address DNA issues providing [defendant] with the means to mount an adversarial challenge to the State's case." Second, he alleged, "Trial counsel for [defendant] was ineffective because he failed to obtain an independent forensic expert to evaluate and address latent fingerprint issues providing [defendant] with the means to mount an adversarial challenge to the State's case." Neither allegation refers to a specific expert or to what they would testify, nor are any supporting affidavits (we acknowledge, as we did in our original disposition in this appeal, that trial counsel contemplated hiring a specific individual as a DNA expert; however, as we also noted, "there is no indication as to what his testimony would have been much less whether it would have been favorable to defendant."). Counsel's failure to provide evidentiary support for these claims—or explain its absence— rendered them insufficient and subject to dismissal by the trial court.  See People v. Walker, 2025 IL App (4th) 241249-U, ¶ 58 ("The vague assertion that [the] defendant informed [his attorney] of an alternative, exculpatory source of the GSR is an unsubstantial showing absent an explanation of what that alternative source was and how it could have been proven. Leaving the reader hanging in this manner—tantalizing the reader only to withhold the most important information—is not an 'adequate presentation' of the GSR claim. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).").

¶ 13    While postconviction counsel is "under no obligation to actively search for sources outside the record that might support general claims raised in a post-conviction petition" (*People v. Williams*, 186 Ill. 2d 55, 61 (1999) (quoting *People v. Johnson*, 154 Ill. 2d 227, 247 (1993); see *People v. Moore*, 189 Ill. 2d 521, 540, 541-42 (2000)), in this case, postconviction counsel accompanied the amended postconviction petition with a Rule 651(c) certificate stating, *inter alia*, that counsel had "made any amendments to the Petition that was filed *Pro Se* that are necessary

for an adequate presentation of Defendant/Petitioner's contentions." See Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Rule 651(c) exists to ensure that all defendants "are provided proper representation when presenting claims of constitutional deprivation under the Post-Conviction Hearing Act." *People v. Suarez*, 224 Ill. 2d 37, 47 (2007) (quoting *People v. Brown*, 52 Ill. 2d 227, 230 (1972)).

¶ 14    Our supreme court has cautioned that review of postconviction counsel's performance is "the only way to ensure the purpose of the Act is fulfilled." *People v. Johnson*, 2018 IL 122227, ¶ 17. To that end, the filing of a certificate indicating postconviction counsel complied with Rule 651(c) is mandatory. *People v. Cotto*, 2016 IL 119006, ¶ 27. In it, counsel must aver that he or she "consulted with the defendant, examined the record of trial proceedings, and made any necessary amendments." *Id.* When such a certificate is filed, "a rebuttable presumption arises that counsel provided reasonable assistance." *People v. Hunt*, 2023 IL App (2d) 220153, ¶ 20. "The defendant bears the burden of overcoming that presumption by showing that postconviction counsel did not substantially comply with the strictures of the rule." *People v. Addison*, 2023 IL 127119, ¶ 21.

¶ 15    One way to overcome the presumption of reasonable assistance is to show that "postconviction counsel did not make all necessary amendments to the *pro se* petition." *Id.* To prevail, defendants need not show that they were prejudiced by counsel's failure or that the claims at issue were meritorious. *Addison*, 2023 IL 127119, ¶ 33 ("Because counsel did not comply with Rule 651(c), our case law dictates that the cause should be remanded without a consideration of whether the petition's claims have merit."); *People v. Coaxum*, 2023 IL App (3d) 200018, ¶ 27 ("Postconviction counsel's noncompliance with Rule 651(c) may not be excused on the basis of harmless error."). "The failure to shape defendant's claims into their proper form violates Rule 651 (c) ***." *People v. Addison*, 2023 IL 127119, ¶ 27. *Addison* held that the effect of rebutting the presumption is that a petitioner "is in the same position as a petitioner in a case in which no

certificate was filed and the record did not otherwise show compliance." *Id.* ¶ 34. That is, the case should be remanded without consideration of the alleged merits of the claims, harmless error, or any resulting prejudice to defendant. See *id.* ¶¶ 33-35; see also *Suarez*, 224 Ill. 2d at 47 ("This court has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit."); *People v. Williams*, 2024 IL App (5th) 220752-U, ¶ 33 ("It is error to dismiss a postconviction petition on the pleadings where there has been inadequate representation by counsel. No showing of prejudice is needed here.").

¶ 16     In this case, postconviction counsel's amended postconviction petition—which he signed—expressly incorporated defendant's *pro se* postconviction petition. Thus, postconviction counsel certified that, among other things, it was well grounded in fact. See *People v. Greer*, 212 Ill. 2d 192, 205 (2004) ("An attorney, such as the one in this case, who determines that defendant's claims are meritless cannot in good faith file an amended petition on behalf of defendant."); *People v. Wise*, 2024 IL App (2d) 191139, ¶ 20 ("The fact that counsel amended defendant's *pro se* claims, and added claims to the amended petition, reveals that counsel believed they had at least some merit, as counsel has an ethical obligation not to advance frivolous or spurious claims."); *People v. Williams*, 2024 IL App (5th) 220752-U, ¶ 29 (this is a different case than the *Williams* case discussed above) ("An attorney cannot include a claim in a postconviction petition unless he determines that the claim has merit. [Citation.] Accordingly, the defendant's postconviction counsel, by signing the postconviction petition, certified that the petition was well grounded in fact.").

¶ 17     Additionally, the trial court determined, during first-stage proceedings, that defendant's *pro se* postconviction petition should advance to the second stage of postconviction proceedings.

In *People v. Kuehner*, 2015 IL 117695, the supreme court addressed the effect of such a decision on postconviction counsel's obligations, holding that it placed the case in "a very different procedural posture" from cases where the petition advances automatically, "such that *the burdens and obligations of appointed counsel *** are decidedly higher ****.*" (Emphasis added.) *People v. Kuehner*, 2015 IL 117695, ¶ 18. The court explained that where a trial court does so, "the trial court at the first stage made an affirmative determination that, on its face, the petition was neither frivolous nor patently without merit." *Kuehner*, 2015 IL 117695, ¶ 20. That being the case, *Kuehner* held that counsel seeking to withdraw must address the lack of merit in each and every claim of the *pro se* petition. *Id.* ¶¶ 21-22.

¶ 18    In light of counsel's decision to incorporate defendant's *pro se* claims into the amended petition, particularly given the trial court's order advancing defendant's petition to the second stage of postconviction proceedings, counsel had a duty to shape the claim into a proper form and support it with evidence (see *People v. Walker*, 2025 IL App (4th) 241249-U, ¶ 59 ("[Counsel] chose to adopt the GSR claim and to append her signature to it, and therefore, she should have made the best of the GSR claim.") or explain the absence of such evidence. *Williams*, 2024 IL App (5th) 220752-U, ¶ 31 (citing *People v. Collins*, 202 Ill. 2d 59, 65 (2002) ("If such 'affidavits, records, or other evidence' are unavailable, the petition must explain why. 725 ILCS 5/122–2 (West 2000).")). The third option is withdrawing non-meritorious or frivolous claims. See *Kuehner*, 2015 IL 117695, ¶¶ 21-22.

¶ 19    Because postconviction counsel in this case did not choose any of those paths, the presumption of reasonable assistance established by the attorney's Rule 651(c) certificate is rebutted. *People v. Urzua*, 2023 IL 127789, ¶ 64. When postconviction counsel's representation is not reasonable, the trial court's dismissal cannot stand. See *Williams*, 2024 IL App (5th) 220752-

U, ¶ 33 ("It is error to dismiss a postconviction petition on the pleadings where there has been inadequate representation by counsel."). The remedy is to remand the cause for new second-stage postconviction proceedings. See *People v. Baker*, 2026 IL App (5th) 231198-U, ¶ 46; *Williams*, 2024 IL App (5th) 220752-U, ¶ 35; *Coaxum*, 2023 IL App (3d) 200018, ¶ 33. Insofar as we are remanding this matter for compliance with Rule 651(c), we need not decide defendant's remaining contentions of error. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 26.

¶ 20    We have no opinion on the merits of the claims in defendant's postconviction petition. On remand, we instruct the circuit court to evaluate the claims in the defendant's postconviction petition after postconviction counsel has had the opportunity to consider necessary amendments to defendant's *pro se* claims or withdraw them. As the court in *Baker* explained, "[t]he defendant must be given an opportunity to amend his postconviction petition with the benefit of reasonable assistance of counsel." *Baker*, 2026 IL App (5th) 231198-U, ¶ 44.

¶ 21                             III. CONCLUSION

¶ 22    For the reasons stated, we vacate the judgment of the circuit court of McHenry County dismissing defendant's petition and remand for new second-stage postconviction proceedings.

¶ 23    Vacated and remanded.